*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00094-CR

Daniel Sebastian **ABREGO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Frio County, Texas
Trial Court No. 08-06-00057CVF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: September 16, 2009

AFFIRMED

Daniel Abrego appeals his conviction for aggravated sexual assault, arguing the trial court erred in admitting extraneous-offense evidence during the guilt/innocence phase of trial. We overrule his sole issue on appeal, and affirm the judgment of the trial court.

**ANALYSIS**

Abrego was charged with penetrating the anus, vagina, and mouth of his daughter, K.A.[1] The defense made its opening statement immediately after the State's opening. Defense counsel told the jury that there was "ample motive . . . for the manufacturer [sic] of false allegations against Daniel Abrego" because Abrego and K.A.'s mother were going through a divorce at the time the allegations of sexual abuse arose. During cross-examination, the defense questioned K.A.'s mother, Adriana, regarding her knowledge of the fact that Abrego had been previously charged with assaulting K.A. Through questioning, Abrego established that Adriana knew those initial charges were dismissed by the State before the filing of the current charges, and that the dismissal had upset Adriana. Adriana, however, denied that the first charges were dismissed "right before" she went to the police with the current allegations against Abrego. At the close of Abrego's case-in-chief, the State argued that defense counsel's comments in opening statement and the cross-examination of Adriana opened the door to the admission of extraneous offense evidence, and moved to introduce evidence that Abrego sexually abused three of his other daughters and his former sister-in-law to rebut the defensive theory that K.A. fabricated the allegations against Abrego. The trial court agreed that the questioning regarding the dismissal of the original charges against Abrego imputed a motive for fabrication by K.A. and found that the prior bad acts were admissible to refute the defensive theory. The defense then requested that the trial court hear the witnesses' proferred testimony to determine whether it would be prejudicial.

---

[1] K.A. testified that Abrego sexually assaulted her on numerous occasions—at least 30—from the time she was 4 or 5 years old until she was 10. She stated that on the majority of the occasions, he penetrated her anus with his penis.

One of Abrego's daughters, D.A., testified that her father penetrated her anally with his penis when she was six or seven years old. A.A., Abrego's former sister-in-law, testified that Abrego touched her vagina with his hands when she was about sixteen or seventeen years old. S.R.A. testified that her father, Abrego, vaginally penetrated her with his penis when she was eight or nine years old. Another daughter, S.N.A., testified that Abrego touched her vagina with his hands when she was between the ages of six and eight.

After listening to the proferred testimony, the trial court found that the probative value of the evidence outweighed its prejudicial nature. The trial court instructed the jury that they could only consider the testimony to rebut the defendant's evidence of fabrication by K.A. The jury found Abrego guilty of all three counts, and the trial court sentenced him to 60 years' imprisonment. On appeal, Abrego contends the trial court abused its discretion in holding that the extraneous-offense evidence was admissible to rebut the defensive theory of fabrication.

We review the trial court's ruling on the admissibility of extraneous offenses for an abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). The trial court does not abuse its discretion as long as its ruling is within the "zone of reasonable disagreement." *De La Paz*, 270 S.W.3d at 343-44; *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). "A trial court's ruling is generally within this zone if the evidence shows that 1) an extraneous transaction is relevant to a material, non-propensity issue, and 2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury." *De La Paz*, 270 S.W.3d at 344.

While not permissible to show character conformity, evidence of other crimes, wrongs or acts may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." TEX. R. EVID. 404(b). Extraneous offense evidence is admissible to rebut a defensive theory raised in the defendant's opening statement. *See Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008). "The issue does not necessarily turn on the type of defense presented, but on whether the extraneous-offense evidence has noncharacter-conformity relevance by, for example, rebutting a defensive theory or making less probable defensive evidence that undermines an elemental fact." *Id.* at 563 n.8. Thus, we must determine whether the extraneous-offense evidence has relevance apart from character conformity. *Id.*

Evidence is relevant if it "provides a small nudge toward proving or disproving some fact of consequence." *Montgomery*, 810 S.W.2d at 376. Here, the defense argued that K.A. had a motive to fabricate the allegations against Abrego because her parents were divorcing.[2] Additionally, the defense elicited some evidence on cross-examination that K.A.'s mother had a motive to fabricate the allegations against Abrego because she was upset that the first charges against Abrego had been dismissed. Evidence that Abrego also assaulted three other daughters and his sister-in-law rebutted the defense's argument that K.A. fabricated the allegations against Abrego. Thus, it was at least subject to reasonable disagreement whether the extraneous-offense evidence was admissible for the

---

[2] Abrego contends he did not argue the defensive theory of fabrication at trial; instead, his defensive theory was that the assault never happened, or that he was not the one who did it. Although his opening statement was not as blatant as the defendant's in *Bass*, we disagree that Abrego did not raise the defensive theory of fabrication when counsel argued that there was "ample motive . . . for the manufacturer [sic] of false allegations against Daniel Abrego." *See Bass*, 270 S.W.3d at 557-58.

noncharacter-conformity purpose of rebutting the defensive theory of fabrication. Accordingly, we cannot conclude the trial court abused its discretion in admitting the extraneous-offense evidence.

Abrego alternatively argues that the extraneous-offense evidence was inadmissible under Rule 403 because the evidence only served to inflame the jury and the State presented an excessive amount of witnesses. We evaluate two factors in a Rule 403 analysis: (1) the inherent probative force of the proffered item of evidence and (2) the proponent's need for that evidence. *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006); TEX. R. EVID. 403. We then balance those factors against the following four counter-factors: (1) unfair prejudice, *i.e.,* any tendency of the evidence to suggest decision on an improper basis; (2) confusion of the issues, *i.e.,* any tendency of the evidence to confuse or distract the jury from the main issues; (3) misleading the jury, *i.e.,* any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (4) undue delay or needless presentation of cumulative evidence, *i.e.,* the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco*, 210 S.W.3d at 641-42; TEX. R. EVID. 403.

Here, although the testimony regarding the extraneous sexual assaults had the potential to inflame the jury, the evidence was relevant to rebut Abrego's theory of fabrication. *See Dennis v. State*, 178 S.W.3d 172, 181 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (holding evidence of extraneous sexual assault of minor was admissible under Rule 403 balancing test where evidence was relevant to rebut defense's theory of fabrication). The testimony was not particularly graphic, nor lengthy. *Id.* Further, the trial court instructed the jury to consider the testimony only for a

limited purpose. *Id.* Accordingly, the trial court's decision to admit the extraneous-offense evidence was within the zone of reasonable disagreement.

Abrego's issue is overruled, and the judgment of the trial court is affirmed.


Phylis J. Speedlin, Justice


DO NOT PUBLISH